IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| MADDEN BOLT CORPORATION, | § | |
|     Plaintiff, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. H-08-3214 |
| | § | |
| GLEN MARTIN ENGINEERING, INC., | § | |
| | § | |
|     Defendant. | § | |

## MEMORANDUM AND ORDER

This contract case is before the Court on the Motion to Dismiss or Transfer Venue ("Motion") [Doc. # 7] filed by Defendant Glen Martin Engineering, Inc. ("Glen Martin"), to which Plaintiff Madden Bolt Corporation ("Madden") filed a Response [Doc. # 9]. Glen Martin neither filed a Reply nor requested an extension of time to do so. Having reviewed the full record and applied governing legal authorities, the Court **denies** the Motion.

### I.    BACKGROUND

Madden, a Texas corporation, manufactures and sells bolting and fastening products for commercial and industrial use. Madden alleges that, between June 2008 and August 2008, it entered into a series of contracts for Glen Martin, a Missouri corporation, to buy various products from Madden. Madden alleges that it delivered

the products to Glen Martin, but Glen Martin has not paid for them. Madden alleges that Glen Martin currently owes $163,516.53.

Madden filed this lawsuit asserting claims for breach of contract and quantum meruit. Glen Martin filed an Answer subject to its Motion to Dismiss or Transfer Venue. Glen Martin asserts that it is not subject to personal jurisdiction in this Court, that venue in this federal district is improper, and that it has not been properly served with the summons and complaint. The Motion is ripe for decision.

## II.    PERSONAL JURISDICTION

"In order for personal jurisdiction to satisfy Due Process requirements, a plaintiff must show that (1) the defendant purposefully availed himself of the benefits and protections of the forum state by establishing 'minimum contacts' with the forum state, and (2) the exercise of personal jurisdiction over that defendant does not offend traditional notions of 'fair play and substantial justice.'" *Moncrief Oil Intern., Inc. v. OAO Gazprom*, 481 F.3d 309, 311 (5th Cir. 2007) (quoting *Int'l Shoe Co. v. Wash.,* 326 U.S. 310, 316 (1945); *Latshaw v. Johnston,* 167 F.3d 208, 211 (5th Cir. 1999)). For there to be specific jurisdiction, the non-resident defendant "must have purposely directed his activities at the resident of the forum and, the litigation must result from the alleged injuries that arise out of or relate to the defendant's activities directed at the forum." *Coats v. Penrod Drilling Corp.*, 5 F.3d 877, 884 (5th Cir. 1993) (citing

*Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 474 (1985)).  The plaintiff bears the burden of establishing that the court has personal jurisdiction over the nonresident defendant.  *See Fielding v. Hubert Burda Media, Inc.*, 415 F.3d 419, 424 (5th Cir. 2005).

In a contract case, the Court must look at all the facts giving rise to the parties' dispute.  Contracting with a resident of the forum state does not alone support the exercise of jurisdiction over the nonresident defendant.  *Icee Distrib., Inc. v. J&J Snack Foods Corp.,* 325 F.3d 586, 591(5th Cir. 2003).  The Court must apply a "highly realistic approach that recognizes that a contract is ordinarily but an intermediate step serving to tie up prior business negotiations with future consequences which themselves are the real object of the business transaction." *Stuart v. Spademan,* 772 F.2d 1185, 1193 (5th Cir. 1985). Therefore, the Court looks "to the factors of prior negotiations, contemplated future consequences, terms of the contract, and the parties' actual course of dealing to determine whether [the defendant] purposefully established minimum contacts with the forum." *Icee*, 325 F.3d at 591; *Stuart,* 772 F.2d at 1193.  In a specific jurisdiction case, only those acts which relate to the formation of the contract and subsequent breach are relevant. *Religious Tech. Ctr. v. Liebreich*, 339 F.3d 369, 375 (5th Cir. 2003).

In this case, Plaintiff has presented evidence that Defendant contacted Plaintiff in Houston seeking to purchase bolting and fastening materials.  *See* Affidavit of Kevin Madden, Exh. 1 to Response, ¶ 6.  Plaintiff has also presented evidence that the parties entered into a series of contracts when Glen Martin faxed purchase orders to Houston for products to be manufactured in Houston.  *See id.*, ¶¶ 6, 8.  The purchase orders required Madden to deliver the manufactured products to Glen Martin in Houston by loading the products into shipping containers provided by Glen Martin, which a Glen Martin representative would pick up at Madden's facility in Houston. *See id.*, ¶ 9.  Madden would then prepare an invoice in its office in Houston, send it to Glen Martin, and Glen Martin would send payment to Madden's bank in Houston. The alleged breach of these contracts is the basis for this lawsuit.

Plaintiff has presented sufficient evidence to establish a *prima facie* case of specific personal jurisdiction over Defendant.  The evidence indicates that Defendant purposely directed its activities at Plaintiff in Houston by contacting Plaintiff in Houston, entering into contracts in Houston that were to be performed in Houston, and allegedly breaching those contracts causing harm to a resident of Houston.

Defendant has purposely availed itself of the privilege of conducting business in Texas.  Having done so, the exercise by this Court of personal jurisdiction over Defendant comports with traditional notions of fair play and substantial justice.

Defendant has not shown that it will be unduly burdensome to defend this lawsuit in Houston. Texas clearly has an interest in adjudicating a dispute regarding an alleged breach of contracts entered into and to be performed in Texas, particularly where the alleged breach caused harm to a Texas resident. The dispute can be efficiently and effectively resolved in this Court. There is nothing to indicate that exercising personal jurisdiction over Defendant would offend either fair play or substantial justice. The Court denies Defendant's Motion to the extent it asserts that the Court lacks personal jurisdiction over Glen Martin.

### III. PROPER VENUE

The venue statute for cases based on diversity jurisdiction, 28 U.S.C. § 1391(a), provides in pertinent part:

> A civil action wherein jurisdiction is founded only on diversity of citizenship may, except as otherwise provided by law, be brought only in (1) a judicial district where any defendant resides, if all defendants reside in the same state, (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated, or (3) a judicial district in which any defendant is subject to personal jurisdiction at the time the action is commenced, if there is no district in which the action may otherwise be brought.

28 U.S.C. § 1391(a). The statute further provides that, for venue purposes, "a defendant that is a corporation shall be deemed to reside in any judicial district in

which it is subject to personal jurisdiction at the time the action is commenced." 28 U.S.C. § 1391(c).

As was discussed more fully above, Glen Martin is subject to personal jurisdiction in this judicial district and, therefore, is deemed to reside in this district. Venue is proper under § 1391(a)(1). Defendant's Motion to dismiss for improper venue or to transfer venue is denied.

### IV.   PROPER SERVICE OF PROCESS

Defendant argues that Plaintiff has not properly effected service of process. The Federal Rules of Civil Procedure allow service to be made in any manner permissible under the law of the forum state. *See* FED. R. CIV. P. 4(e)(1). Under Texas law, a non-resident of Texas may be served through the Texas Secretary of State. *See* TEX. CIV. PRAC. & REM. CODE § 17.026(a). Specifically, service through the Texas Secretary of State is proper for service on a nonresident who engages in business in Texas -- but does not maintain a regular place of business here and does not have a designated agent here for service of process -- if the lawsuit against the nonresident arises out of the business it conducted in Texas. *See id.* at § 17.044(b). Plaintiff alleged in the Complaint, and there is no evidence to the contrary, that Glen Martin engaged in business in Texas out of which this lawsuit arises and that Glen Martin does not maintain a regular place of business in Texas or have a designated

agent in Texas for service of process. As a result, service through the Secretary of State is effective.

Plaintiff has submitted the certification of the Texas Secretary of State indicating it made service on Defendant by certified mail on November 7, 2008, return receipt received on November 10, 2008. *See* Certificate of Secretary of State, Exh. 2-B to Response. This certificate from the Secretary of State is conclusive evidence that process was served. *See Campus Investments, Inc. v. Cullever*, 144 S.W.3d 464, 466 (Tex. 2004). Plaintiff has properly served Defendant through the Texas Secretary of State and the Motion to dismiss for lack of service is denied.

## V.   CONCLUSION AND ORDER

Plaintiff has established a *prima facie* case that this Court has specific jurisdiction over Defendant. Venue is proper in this federal district, and Defendant was properly served with the summons and complaint. Accordingly, it is hereby

**ORDERED** that Defendant's Motion to Dismiss or Transfer Venue [Doc. # 7] is **DENIED**.

SIGNED at Houston, Texas, this **26th** day of **February, 2009.**

_____
Nancy F. Atlas
United States District Judge